UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

GUERLYNE FELIX, as Administratrix of The Estate
of MATTHEW FELIX, and GUERLYNE FELIX,
individually,

                              Plaintiff(s),


          -against-


COUNTY OF NASSAU, THE NASSAU COUNTY
POLICE DEPARTMENT, P.O JOHN DOE 1-5, Police
Officers of the Nassau County Police Department,
unknown and intended to be named later, Nassau
County Police Officers involved in the occurrences
herein, individually and in their respective capacities
as members of the Nassau County Police Department,


                              Defendant(s).

-------------------------------------------------------------------------X

Civil Action No. _____


JURY TRIAL DEMAND
VERIFIED COMPLAINT


_____
MARTIN M. SEINFELD, ESQ.
GILBERT J. SERRANO, ESQ.
FUTTERMAN, SIROTKIN & SEINFELD, LLP.
Attorneys for Plaintiff
80-02 Kew Gardens Road - Suite 5001
Kew Gardens, New York 11415
(718) 261-9460


TO:   THE COUNTY OF NASSAU
      Nassau County Attorney's Office,
      1 West Street, Mineola, NY 11501

      THE NASSAU COUNTY POLICE DEPARTMENT
      C/O THE COUNTY OF NASSAU
      Nassau County Attorney's Office,
      1 West Street, Mineola, NY 11501

      Police Officer JOHN DOE 1-5
      THE NASSAU COUNTY POLICE DEPARTMENT
      C/O THE COUNTY OF NASSAU
      Nassau County Attorney's Office,
      1 West Street, Mineola, NY 11501

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

GUERLYNE FELIX, as Administratrix of The Estate of
MATTHEW FELIX, and GUERLYNE FELIX,
individually,

Civil Action No. _____

                      Plaintiff(s),

<u>JURY TRIAL DEMAND</u>
<u>VERIFIED COMPLAINT</u>

      -against-

COUNTY OF NASSAU, THE NASSAU COUNTY
POLICE DEPARTMENT, P.O JOHN DOE 1-5, Police
Officers of the Nassau County Police Department,
unknown and intended to be named later, Nassau County
Police Officers involved in the occurrences herein,
individually and in their respective capacities as members
of the Nassau County Police Department,

                    Defendant(s).

-------------------------------------------------------------------------X

Plaintiff(s), GUERLYNE FELIX, as Administratrix of The Estate of MATTHEW FELIX,

and GUERLYNE FELIX, individually, by and through her attorneys, FUTTERMAN, SIROTKIN &

SEINFELD, LLP., complaining of the Defendants herein, upon information and belief, respectfully

show to this Court, and allege as follows:

## JURISDICTION & VENUE

1. This Court has original jurisdiction of the federal claims asserted herein pursuant to 28

U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in

that the action is brought to address deprivations, under color of state authority, of rights, privileges,

and immunities secured by the United States Constitution). This Court has supplemental jurisdiction

of the state law claims under 28 U.S.C. § 1367.

2. That at all times hereinafter mentioned, plaintiff(s) bring this suit for a violation of their

civil rights under 42 U.S.C. § 1981, § 1983, § 1985, § 1986 and § 1988 and within the United States

Constitution, and the laws of the State of New York, and this court has jurisdiction of this action

pursuant to 28 U.S.C. § 1331 and § 1343. Plaintiff(s) further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law and common law claims pursuant to 28 U.S.C. § 1367.

3. That the amount of damages in controversy is in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

4. The venue is laid within the United States District Court for the Eastern District of New York in that the Defendants are located in Eastern District of New York, the incident arose in the Eastern District of New York, and because many of the acts and/or omissions described herein occurred in the Eastern District of New York.

5. Plaintiffs demand a trial by jury on each and every one of the claims pled herein.

## THE PARTIES

6. The Decedent, MATTHEW FELIX, resided at 115-75 221 Street, County of Queens, City and State of New York.

7. GUERLYNE FELIX, the mother of the Decedent, MATTHEW FELIX, was appointed Administratrix of the goods, chattels, credits of Decedent, MATTHEW FELIX, by order of the Honorable Peter J. Kelly, Surrogate of Queens County by the order of the Court on October 14, 2020.

8. GUERLYNE FELIX, resides at 115-75 221 Street, County of Queens, City and State of New York.

9. That the defendant, THE COUNTY OF NASSAU, at all times hereinafter mentioned was a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

10. That the defendant, THE COUNTY OF NASSAU, maintains and controls a police force known as the NASSAU COUNTY POLICE DEPARTMENT.

11. In addition to the facts alleged in the following sub paragraph, the following defendants are all sued in their individual and official capacities and all acted within the scope of their

employment and under color of state law, to wit, under color of statues, ordinances, regulations, policies, customs and usages of the State of New York and/or The County of Nassau.

A - Defendant, Police Officers DOE 1-5, at all relevant times were law enforcement police officers employed by the defendants, THE COUNTY OF NASSAU and the NASSAU COUNTY POLICE DEPARTMENT, acting within the scope of that employment. Defendant DOE 1-5 are sued in their individual capacities. That the identity of Police Officers, JOHN DOE 1-5 are all unknown to Plaintiff(s) at this time.

## NOTICE OF CLAIM

12.     Plaintiff(s) in furtherance of their State causes of action filed timely Notice of Claim against THE COUNTY OF NASSAU, in compliance with General Municipal Law Section 50.   The Notice of Claims were filed on: an initial Notice of Claim was filed on May 22, 2020; an Amended Notice of Claim was filed on June 1, 2020 and subsequent Notice of Claim was filed on November 12, 2020.  All were filed within the time prescribed by law, stating, among other things, the time, when, and place where the injuries and damages were sustained, together with plaintiffs' demands for adjustment.

13.     That thereafter Defendant, THE COUNTY OF NASSAU, refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

14.     That a 50-H hearing of Plaintiff, GUERLYNE FELIX was conducted on January 25, 2021, pursuant to the General Municipal Law Section 50-H on behalf of THE COUNTY OF NASSAU.

## FACTUAL ALLEGATIONS

15.     This action has been commenced within one (1) year and ninety (90) days after the happening of events, upon which these claims arise.

16.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

17.     That the defendant, THE COUNTY OF NASSAU, its agents, servants and/or employees operate, maintained, and controlled a police force known as the NASSAU COUNTY POLICE DEPARTMENT, including all the police officers employed thereby.

18.     That at all times hereinafter mentioned, defendants, Police Officers JOHN DOE 1-5, whose identity are unknown to Plaintiffs at this time, were employed by the defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT.

19.     THE COUNTY OF NASSAU through the NASSAU COUNTY POLICE DEPARTMENT, have alleged that on February 25, 2020, MATTHEW FELIX met with an individual who was selling his vehicle on social media, at a parking lot near the intersection of Nassau Boulevard and Jericho Turnpike, in village of Garden City, Town of Hempstead, County of Nassau, State of New York.

20.     Defendants have stated to the media that after taking the vehicle for a test drive, MATHHEW FELIX allegedly displayed a firearm and left the scene in said vehicle.

21.     That upon allegedly being notified, Police Officers from the NASSAU COUNTY POLICE DEPARTMENT allegedly tracked said vehicle to MATTHEW FELIX's home located at, 115-75 221st Street, Cambria Heights, County of Queens, City and State of New Yo2k.

22.     That the Nassau County Police Officers, without notifying the New York City Police Department, Queens County Police Officers about MATTHEW FELIX's alleged acts, crossed over the county line from Nassau County to Queens County.

23.     That the Nassau County Police Officers allegedly staked out MATTHEW FELIX home located at 115-75 221st Street, Cambria Heights, County of Queens, City and State of New York, until MATTHEW FELIX exited his home and drove off in his own personal motor vehicle.

24.     That according to the NASSAU COUNTY POLICE DEPARTMENT, Nassau County Police Officers did follow MATTHEW FELIX upon leaving his residence in his own motor vehicle.

25.     That MATTHEW FELIX drove from his residence to the place of the incident, where he voluntarily stopped his vehicle.

26.     That on February 25, 2020, at approximately 5:00 PM, the Nassau County Police officers, P.O. JOHN DOE 1-5 whose identity are unknown to Plaintiffs at this time, while acting as agents, servants and/or employees of the defendants, THE COUNTY OF NASSAU, and THE NASSAU COUNTY POLICE DEPARTMENT, exited their vehicle with guns drawn as they approach MATTHEW FELIX's stopped vehicle, and without cause, provocation or reason opened gunfire and began shooting at the plaintiff/decedent while in his vehicle striking MATTHEW FELIX, multiple times resulting in his death.

27.     That the shooting of the plaintiff, decedent, MATTHEW FELIX, was without probable cause.

28.     That upon information and belief, MATTHEW FELIX, was not carrying a weapon, and at no time displayed or pointed a weapon at any officer from THE NASSAU COUNTY POLICE DEPARTMENT or posed an immediate threat to anyone at the time he was shot and killed.

29.     The aforementioned shooting was performed knowingly, intentionally and willfully.

30.     The aforementioned shooting was performed negligently and recklessly.

31.     The aforementioned shooting was performed without reason or provocation.

32.     The aforementioned shooting resulted in the death of the plaintiff, decedent, MATTHEW FELIX.

33.     That the individual police officers' actions herein were based upon a pre-textual allegation of misconduct and as a result of "racial profiling" and/or discriminatory practices due to, and motivated by, decedent's MATTHEW FELIX race in furtherance of discriminatory practices

engaged in by THE NASSAU COUNTY POLICE DEPARTMENT and its employees in violation of both State and Federal Law.

34.     At no time during the events described above or as the events occurred did the defendant officers have probable or reasonable cause for the discharge of their firearms.

35.     The actions of all individual defendants were performed within the scope of their employment and authority for whose acts of the defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, are liable under the doctrine of respondent superior.

36.     By reason of said shooting plaintiff, decedent, MATTHEW FELIX, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering, fear of impending death, emotional and psychological distress and horror.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF GUERLYNE FELIX, AS ADMINISTRATRIX OF THE ESTATE OF MATTHEW FELIX FOR WRONGFUL DEATH

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" as if more fully set forth at length herein.

38.     That on February 25, 2020, at approximately 5:00 PM, the Nassau County Police officers, P.O. JOHN DOE 1-5 whose identity are unknown to Plaintiffs at this time, while acting as agents, servants and/or employees of the defendants, THE COUNTY OF NASSAU, and THE NASSAU COUNTY POLICE DEPARTMENT, exited their vehicle with guns drawn as they approach MATTHEW FELIX's stopped vehicle, and without reason or provocation, opened gunfire and began shooting at the plaintiff, decedent, MATTHEW FELIX, multiple times resulting in his death.

39.     That the shooting of the plaintiff, decedent, MATTHEW FELIX, was without probable or reasonable cause.

40.     That upon information and belief, MATTHEW FELIX, was not carrying a weapon, and at no time displayed or pointed a weapon at any officer from THE NASSAU COUNTY POLICE

DEPARTMENT or posed an immediate threat to anyone at the time he was shot and killed.

41. The aforementioned shooting was performed knowingly, intentionally and willfully.

42. The aforementioned shooting was performed negligently and recklessly.

43. The aforementioned shooting was performed without reason or provocation.

44. The aforementioned shooting resulted in the death of the plaintiff, decedent, MATTHEW FELIX.

45. That at all times hereinafter mentioned, defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiffs at this time, engaged in the actions and conduct alleged herein in their official capacity as NASSAU COUNTY POLICE OFFICERS and under the color and authority of State law, regulation, ordinance, custom, and usage. MATTHEW FELIX, of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the U.S. Constitution and Sec.1983 of 42 U.S.C. In particular, he was deprived of his right to due process of law, of his right to happiness, to liberty, to be free from physical injury and the unwarranted use of physical force, and ultimately to the most fundamental right - his right to life.

46. The defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, have as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline, sanction or otherwise direct its' police officers, including the officers at the scene in this case, regarding the protection of the constitutional rights of citizens - and more importantly - failed to tear down the "Blue Wall of Silence" so as to force the disclosure of these constitutional abuses and to take corrective measures.

47. That Defendants THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, maintain an unofficial custom whereby their police officers are permitted to use excessive and unreasonable force against persons with whom they come into contact, without meaningful consequence, discipline, or corrective action. Defendants THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, failure to investigate and discipline

employees in the face of widespread constitutional violations has resulted in their personnel's use

force with impunity. This custom proximately caused Defendants DOE 1-5 use of excessive force

against Plaintiff MATTHEW FELIX.

48.    That such policy, practice and deliberate indifference have been described in

excruciating detail in various investigations and commissions into the Police Department. It has

served to encourage and sanction the police officers' unlawful conduct described above and was a

proximate cause of the violations of decedent MATTHEW FELIX's rights on the evening of February

25, 2020.

49.    By reason of the foregoing, the plaintiff, GURELYNE FELIX, as Administratrix of

the Estate of MATTHEW FELIX, and individually demands judgment for wrongful death against the

defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT,

including, but not limited to defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff

at this time, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF GUERLYNE FELIX, AS ADMINISTRATRIX OF THE ESTATE OF MATTHEW FELIX FOR NEGLIGENCE

50.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "49" as if more fully set forth at length herein.

51.    That said incident and the injuries resulting therefrom were caused solely by the

negligence, carelessness, and recklessness of defendants, THE COUNTY OF NASSAU  and THE

NASSAU COUNTY POLICE DEPARTMENT, through its agents, servants, employees and the

police officers involved, defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff

at this time, both directly and vicariously

52.    Such negligence consisted of negligence in training, hiring, supervision and retention

of the police officers/detectives involved in this incident; in failing to observe the existing police

department protocols for police officers/detectives designed to govern the use of deadly lethal force

causing the serious injuries both physical and emotional resulting in death, discrimination arising and resulting out of a shooting of the plaintiff and further, deprived plaintiff's civil rights, privileges and immunities secured under the Constitutions of the United States of America and State of New York; in failing to use care in the performance of police duties as reasonably prudent and careful police officers would have used in similar circumstances; in hiring and retaining persons who were unfit to serve as police officers/detectives; failing to properly investigate their background; in failing to train and instruct police officers/detectives, especially regarding the abuse of power while in the field; in failing to give police officers/detectives proper instructions on the use of force, use of firearms including proper discharge of said weapons; in failing to give police officers/detectives proper training regarding the phenomenon known as "contagious shooting" in their training and instruction, more specifically with regards to their training as to the use of firearms in public; improperly supervised police officers/detectives in the field, including the police officers/detectives as well as in the staffing, administration and processing of persons suspected of violation of the criminal laws of the State of New York which allowed the shooting of the plaintiff, decedent, MATTHEW FELIX, which resulted in the death of the plaintiff, MATTHEW FELIX.

53.     As a result of such negligence plaintiff, decedent, MATTHEW FELIX, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering, fear of impending death, emotional and psychological distress and horror.

54.     By reason of the foregoing, the plaintiff, GURELYNE FELIX, as Administratrix of the Estate of MATTHEW FELIX, and individually demands judgment for wrongful death against the defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, including, but not limited to defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff

at this time, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF GUERLYNE FELIX, AS ADMINISTRATRIX OF THE ESTATE OF MATTHEW FELIX FOR NEGLIGENCE HIRING AND RETENTION

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" as if more fully set forth at length herein.

56. The defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, did not exercise reasonable care and diligence in the selection, engagement, employment and training of its agents, servants, and employees and were negligent in the hiring, training and retention of the defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, so as to cause the death of MATTHEW FELIX.

57. That the defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, and continued to employ them and allowed them to be in contact with the public at large.

58. By reason of the foregoing, the plaintiff, GURELYNE FELIX, as Administratrix of the Estate of MATTHEW FELIX, and individually demands judgment for negligent hiring and retention against the defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, including, but not limited to defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF GUERLYNE FELIX, AS ADMINISTRATRIX OF THE ESTATE OF MATTHEW FELIX FOR CIVIL RIGHTS VIOLATION 42 USCA 1983

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" as if more fully set forth at length herein.

60. The defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY

POLICE DEPARTMENT, including, but not limited to defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, acting under the color of law and within the scope of their authority, assaulted and battered the plaintiff, decedent, MATTHEW FELIX, in violation of 42 U.S.C.A. section 1983 as well as other applicable state and federal laws.

61.    The defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, including, but not limited to defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, acting under color of law and within the scope of their authority, deprived the plaintiff, decedent, MATTHEW FELIX, of liberty without due process and without reasonable cause in violation of 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

62.    The defendants had deprived the plaintiff, decedent, MATTHEW FELIX by their actions of his civil rights as guaranteed by statute.

63.    That the shooting was in violation of the civil rights of the plaintiff, decedent, MATTHEW FELIX, more particularly, 42 U.S.CA. Section 1983 as well as other applicable state and federal laws, including the first (Ist) the fourth (4th) and fourteenth (14th) Amendment to the United States Constitution.

64.    That the deprivation by the defendants of plaintiff's civil rights was a result of the defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, including, but not limited to defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, acting under color of law and within their authority as law enforcement officers within the employ of the defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT.

65.    The defendants; P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, conspired with one another to deprive the plaintiff, decedent, MATTHEW FELIX, of his constitutional rights, including the rights: to be free from the intentional use of unreasonable force; to

be free from unreasonable search and seizure, unreasonable and excessive force.

66.    The defendants further violated the civil rights of the plaintiff, decedent, MATTHEW FELIX, by conspiring to cover up the shooting of the plaintiff, decedent, MATTHEW FELIX. Defendants engaged in a fabrication as to the acts and events leading up to and resulting in the shooting of the plaintiff, decedent, MATTHEW FELIX.

67.    That the defendants' actions were not privileged or immune.

68.    That the defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, including, but not limited to defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, were not acting with immunity when they deprived the plaintiff, decedent, MATTHEW FELIX, of his civil rights.

69.    That Plaintiff, decedent, MATTHEW FELIX, by the actions of the Defendants police officers, was deprive of his Civil and Constitutional Rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York by the Defendants acts and/or omissions herein set forth, as he was a victim of "racial profiling, and racially discriminatory practices based upon a racial animus by the Defendants as the decedent was not accorded due process of law and was further denied and deprived of equal protection of the laws and other constitutionally secured rights all in violation of his State and Federal Constitutional and statutory rights under the law as made and provided, said individual Defendants acting at all material times as "State Actors" under "Color of Law" and in the course and scope of their employment with Defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT.

70.    That all material times hereto THE COUNTY OF NASSAU is liable for the actions of the police officers acts and/or omissions complained of that was done and/or accomplished pursuant to the policies, practices, customs, usages, procedures and protocols utilized and followed on a day-to-day basis by the members of said police department as approved, ratified and established

by THE COUNTY OF NASSAU.

71.     At all material times hereto the defendants, THE COUNTY OF NASSAU and THE

NASSAU COUNTY POLICE DEPARTMENT, were deliberately indifferent to the rights of persons

such as Plaintiff decedent herein in this municipal Defendant failed to properly train and/or supervise

its representative employees with respect to: determinations of "probable cause" or "reasonable

cause" for pursuit, stop, engagement with excessive or deadly force; permitting the use of excessive

and unreasonable force by its police officers as a pattern or practice; the impropriety of engaging in

racial profiling and/or other discriminatory practices in which minority citizens such as the Plaintiff

decedent were and/or would be targeted on the basis of race; engaging in a "cover up" to hide the use

of excessive and unreasonable method of pursuit and engagement by the police officers; fostering a

blue wall of silence in which officers and officials of the defendants, THE COUNTY OF NASSAU

and THE NASSAU COUNTY POLICE DEPARTMENT, would protect each other from the

consequences of their misconduct and by ratification of same; failing to train its officers to prevent

racial profiling, discriminatory misconduct and violations of civil and constitutional rights including

but not limited to circumstances such as those confronted by the officers involving decedent herein

which was a situation likely to be encountered by officers and/or persons such as the police officers

herein in the performance of their respective duties which proper training and/or supervision would

have prevented the violation of the civil and constitutional rights of Plaintiff decedent.

72.     That as a direct and proximate result of the conduct that defendants herein and the

pervasive practice of "racial profiling" and abusive discriminatory police misconduct targeting

minorities in general and this decedent particularly and as practiced by THE COUNTY OF NASSAU

and THE NASSAU COUNTY POLICE DEPARTMENT, the plaintiff decedent suffered severe and

debilitating injuries and extended period of pain, suffering and mental anguish and death, as a result

of the police officers all to damage in an amount in excess of the jurisdictional limits of all lower

courts.

73.    By reason of the foregoing, the plaintiffs, GURELYNE FELIX, as Administratrix of the Estate of MATTHEW FELIX, and individually, demands judgment for civil rights violation against the defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, including, but not limited to defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF GUERLYNE FELIX, AS ADMINISTRATRIX OF THE ESTATE OF MATTHEW FELIX FOR ASSAULT AND BATTERY

74.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "73" as if more fully set forth at length herein.

75.    That on February 25, 2020, at approximately 5:00 PM, the Nassau County Police officers, P.O. JOHN DOE 1-5 whose identity are unknown to Plaintiffs at this time, while acting as agents, servants and/or employees of the defendants, THE COUNTY OF NASSAU, and THE NASSAU COUNTY POLICE DEPARTMENT, exited their vehicle with guns drawn as they approach MATTHEW FELIX's vehicle, and without reason or provocation, opened gunfire and began shooting at the plaintiff, decedent, MATTHEW FELIX, multiple times resulting in his death.

76.    The aforementioned shooting was performed knowingly, intentionally and willfully.

77.    That the police officers involved in this incident who committed the aforementioned shooting on the plaintiff, decedent, MATTHEW FELIX, were acting within their scope of employment with the defendants, THE COUNTY OF NASSAU, and THE NASSAU COUNTY POLICE DEPARTMENT.

78.    That the shooting of the plaintiff, decedent, MATTHEW FELIX, was without probable cause.

79.    By reason of said assault and battery, the plaintiff, decedent, MATTHEW FELIX, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-

death pain and suffering, fear of impending death, emotional and psychological distress and horror.

80.    By reason of the foregoing, the plaintiffs, GURELYNE FELIX, as Administratrix of the Estate of MATTHEW FELIX, and individually, demands judgment for assault and battery against the defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, including, but not limited to defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF GUERLYNE FELIX, AS ADMINISTRATRIX OF THE ESTATE OF MATTHEW FELIX FOR PUNITIVE DAMAGES

81.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "80" as if more fully set forth at length herein.

82.    The actions of the defendants herein above alleged, were malicious, willful and grossly negligent.

83.    The defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, authorized, permitted and ratified the unlawful and negligent acts of defendants, defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, its agents, servants and/or employees, herein above alleged.

84.    By reason of the foregoing, the plaintiff, GURELYNE FELIX, as Administratrix of the Estate of MATTHEW FELIX, individually, demands judgment for punitive damages against the defendants, THE COUNTY OF NASSAU and THE NASSAU COUNTY POLICE DEPARTMENT, including, but not limited to defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, in a sum exceeding the jurisdictional limits of all the lower courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF GUERLYNE FELIX, INDIVIDUALY, FOR THE LOSS OF SOCIETY, COMFORT, SERVICES AND HOUSEHOLD ASSISTANCE OF MATTHEW FELIX

85.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "84" as if more fully set forth at length herein.

86.     That on February 25, 2020, at approximately 5:00 PM, the Nassau County Police officers, P.O. JOHN DOE 1-5 whose identity are unknown to Plaintiffs at this time, while acting as agents, servants and/or employees of the defendants, THE COUNTY OF NASSAU, and THE NASSAU COUNTY POLICE DEPARTMENT, exited their vehicle with guns drawn as they approach MATTHEW FELIX's vehicle, and without reason or provocation, opened gunfire and began shooting at the plaintiff, decedent, MATTHEW FELIX.

87.     That at all the times hereinafter mentioned and at the time of MATTHEW FELIX's death, Plaintiff's decedent left surviving him, his parents, the Plaintiff and his mother, GURELYNE FELIX, and his father, JERRY FELIX, decedent's heirs at law and distributes for whose benefit this action is commenced.

88.     That at all the times hereinafter mentioned and prior to his death, MATTHEW FELIX was an able-bodied man who was able to perform his usual household duties, and a dutiful son, who provided society, comfort and services, and by reason of the wrongful death of MATTHEW FELIX as set forth above, MATTHEW FELIX's aforesaid distributees suffered pecuniary loss and have otherwise been damaged.

89.     That at all the times hereinafter mentioned and by reason of MATTHEW FELIX's death, GURELYNE FELIX was caused to expend money for her son's funeral and burial expenses and she further incurred other administration expenses in the settlement of the Estate of MATTHEW FELIX.

90.     By reason of the foregoing, the plaintiff, GURELYNE FELIX individually, demands judgment for punitive damages against the defendants, THE COUNTY OF NASSAU and THE

NASSAU COUNTY POLICE DEPARTMENT, including, but not limited to defendants, P.O. JOHN DOE 1-5, whose identity are unknown to Plaintiff at this time, in a sum exceeding the jurisdictional limits of all the lower courts.

**WHEREFORE**, plaintiff, GURELYNE FELIX, as Administratrix of the Estate of MATTHEW FELIX, and individually, for wrongful death, demands judgment both compensatory, punitive, and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the First Cause of Action; plaintiff, GURELYNE FELIX, as Administratrix of the Estate of MATTHEW FELIX, for negligence, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the Second Cause of Action; plaintiff, GURELYNE FELIX, as Administratrix of the Estate of MATTHEW FELIX, for negligent hiring and retention, demands judgment both compensatory and exemplary and also punitive in that Defendants were grossly negligent in the hiring and supervision of its employees and in permitting those employees to act in such a reckless and wanton manner; in an amount exceeding the jurisdictional limits of all lower Courts on the Third Cause of Action; plaintiff, GURELYNE FELIX, as Administratrix of the Estate of MATTHEW FELIX, for civil rights violation, demands judgment both compensatory and exemplary and also punitive in an amount exceeding the jurisdictional limits of all lower Courts on the Fourth Cause of Action; plaintiff, decedent, MATTHEW FELIX, for assault and battery, demands judgment both compensatory, punitive and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the Fifth Cause of Action; plaintiff, GURELYNE FELIX, as Administratrix of the Estate of MATTHEW FELIX, seeks punitive damages against Defendants, because of the egregious nature of the torts and civil wrongs committed against MATTHEW FELIX, that were preventable but for Defendants' actions and inactions, and also demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the Sixth Cause of Action; plaintiff, GURELYNE FELIX, individually for loss of MATTHEW FELIX's performance of his usual household duties, and being a dutiful son, who provided society,

comfort and services, demands judgment both compensatory, and exemplary and also punitive in an amount exceeding the jurisdictional limits of all lower Courts, on the Seventh Cause of Action, together with attorneys' fees, and the costs and disbursements of this action.

Dated:   Kew Gardens, New York
        February _____, 2021

Yours, etc.

_____

MARTIN M. SEINFELD, ESQ.
GILBERT J. SERRANO, ESQ.
FUTTERMAN, SIROTKIN & SEINFELD, LLP.
Attorneys for Plaintiff
GUERLYNE FELIX, as Administratrix of The
Estate of MATTHEW FELIX, and GUERLYNE
FELIX, individually
80-02 Kew Gardens Road - Suite 5001
Kew Gardens, New York 11415
(718) 261-9460

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
                             ss.:
COUNTY OF QUEENS )

GURELYNE FELIX, being duly sworn, deposes and says:

That I am the Plaintiff in the within action.

I have read the foregoing SUMMONS & COMPLAINT and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

_____
GURELYNE FELIX

Sworn to before me on this
_____ day of February, 2021

_____
NOTARY PUBLIC

JEANETTE MARTINEZ
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01MA6049779
Qualified in Queens County
Commission Expires January 12, 20___

Civil Action No. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------------------------------
GUERLYNE FELIX, as Administratrix of The Estate of MATTHEW FELIX, and GUERLYNE
FELIX, individually,

Plaintiff(s),

-against-

COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT, P.O JOHN DOE
1-5, Police Officers of the Nassau County Police Department, unknown and intended to be named
later, Nassau County Police Officers involved in the occurrences herein, individually and in their
respective capacities as members of the Nassau County Police Department,

Defendant(s).
--------------------------------------------------------------------------------------------------------

## SUMMONS & JURY TRIAL DEMAND
## VERIFIED COMPLAINT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**FUTTERMAN, SIROTKIN & SEINFELD, LLP.**
Attorneys for Plaintiff
80-02 Kew Gardens Road, Suite 5001
Kew Gardens, New York 11415
(718) 261-9460

--------------------------------------------------------------------------------------------------------
*Pursuant to 22NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State,
certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed
document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not
obtained through illegal conduct, or that it was, the attorney or other persons responsible for the illegal conduct are
not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential
claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: _2/8/2019_                          Signature _____

                                          Print Signer's Name _Martin Seinfeld_